THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EFRAIN VELEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated January 10, 1964, which denied after a hearing his application to vacate a judgment of said court, rendered May 10, 1963 on his plea of guilty, convicting him of robbery in the second degree and imposing sentence. Order affirmed. In our opinion, the record establishes conclusively that the plea of guilty was not induced by threats or coercion but was, rather, defendant's voluntary act and reasoned choice (cf. *People* v. *Rocco*, 22 A D 2d 706). The record indicates, also, that defendant's rights were scrupulously protected by the trial court and that defendant was adequately and effectively represented by counsel. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

IRWIN S. REVER, Respondent, v. LAWRENCE NELSON, Appellant.— In an action for specific performance of a written agreement for the sale by plaintiff to defendant of an interest in real property, of shares of stock in a closely held corporation owning real property and of interests in real estate syndications, defendant appeals: (1) from an order and judgment (one paper) of the Supreme Court, Kings County, dated April 15, 1964, which: (a) granted plaintiff's motion for summary judgment pursuant to CPLR 3212; (b) denied defendant's cross motion for summary judgment dismissing the complaint; and (c) directed specific performance of the agreement; and (2) from an order of the same court, dated July 27, 1964, which: (a) granted plaintiff's motion to punish defendant for contempt of court for willfully disobeying the judgment dated April 15, 1964, above mentioned; and (b) denied defendant's cross motion for a renewal or rehearing of plaintiff's motion for summary judgment and for a vacatur of the judgment, made on the ground " of newly discovered evidence and a mutual mistake ". The said order of July 27, 1964 was resettled by a subsequent order dated October 20, 1964. While no appeal was formally taken from such subsequent order, the court has nevertheless reviewed it pursuant to CPLR 5517. Order and judgment, dated April 15, 1964; order dated July 27, 1964, and order dated October 20, 1964, affirmed with $20 costs and disbursements. In our opinion, the papers on the original motions for summary judgment presented no triable issues of fact; hence, summary judgment was properly granted in plaintiff's favor. We are also of the opinion that the Special Term did not abuse its discretion in denying defendant's motion for a renewal or rehearing of plaintiff's motion for summary judgment and for a vacatur of the judgment directing specific performance, made upon grounds completely different from those relied upon by defendant on the original motions (cf. *Trade Development Bank* v. *Cal-Tech Systems*, 20 A D 2d 355, 361, affd. 14 N Y 2d 909). It is uncontradicted that defendant failed to comply with the judgment directing specific performance. His only opposition to plaintiff's motion to punish him for contempt for such disobedience was his claim, advanced on his cross motion, that summary judgment should not have been granted to the plaintiff and that the judgment should be vacated. However, as it is our opinion that defendant's cross motion was properly denied, it follows that the order granting plaintiff's motion to punish defendant for contempt was also proper. Defendant's time to purge himself of the contempt and to comply with the order of July 27, 1964, as resettled, is extended until 30 days after entry of the order hereon or until such other date as the parties may mutually fix by written stipulation. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.